IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| TRAILER BRIDGE, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| CROWLEY MARITIME CORP.; | : | |
| CROWLEY LINER SERVICES, INC.; | : | |
| CROWLEY HOLDINGS INC. | : | Jury Trial Demanded |
| and INTERNATIONAL SHIPPING AGENCY, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

1.      Plaintiff Trailer Bridge, Inc. ("Trailer Bridge" or "Plaintiff"), for its Complaint against Defendants Crowley Maritime Corp. ("Crowley Maritime"), Crowley Liner Services, Inc. ("Crowley Liner"), and Crowley Holdings Inc. ("Crowley Holdings") (collectively, "Crowley") and International Shipping Agency ("Intership") (together with Crowley, "Defendants"), hereby alleges as follows:

## PARTIES

2.      Trailer Bridge, Inc. is a Delaware corporation with a principal place of business at 10405 New Berlin Road, East Jacksonville, FL 32226.  Trailer Bridge transacts in the Commonwealth of Puerto Rico and, specifically, is engaged in the maritime transportation of cargo between the port of San Juan, Puerto Rico, and the port of Jacksonville, Florida.

3.      Crowley Maritime Corp. is a Delaware corporation with a principal place of business in Jacksonville, Florida.  Crowley is engaged in the maritime transportation of cargo

between the port of San Juan, Puerto Rico, and several ports in the continental United States of America.

4.      Crowley Liner Services, Inc. is a Delaware corporation with a principal place of business in Jacksonville, Florida. Crowley Liner provides scheduled ocean transport services between the United States and ports in Puerto Rico, the Caribbean, Bahamas, Central America, as well as the Dominican Republic, Haiti, and Cuba.

5.      Crowley Holdings Inc. is a Delaware corporation with a principal place of business in Jacksonville, Florida.  Crowley Holdings provides project solutions, transportation and logistics services in domestic and international markets.

6.      International Shipping Agency, Inc. is a Puerto Rico corporation.  Intership is engaged in the business of stevedoring, loading and unloading maritime vessels engaged in interstate commerce and receiving and dispatching their cargo between the port of San Juan, Puerto Rico, and several ports in the continental United States of America.

## NATURE OF THE ACTION

7.      This is a civil action for the infringement of United States Patent No. 7,341,422 (the "'422 Patent") (attached as Exhibit A), entitled "Container Transportation System and Method"), under the patent laws of the United States, 35 U.S.C. § 1, et seq.

8.      This action involves the infringing use of one or more methods claimed in the '422 Patent in the course of loading and/or offloading shipping containers from Crowley's barge at Pier 16 in the Port of San Juan, Puerto Rico.

## JURISDICTION AND VENUE

9.    This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1, et seq.

10.    Crowley Maritime is subject to personal jurisdiction in the District of Puerto Rico pursuant to due process and/or the Puerto Rico Long-Arm Statute, because it has committed acts of direct and/or indirect infringement in this judicial district.  Further, Crowley regularly transacts business in this judicial district by, among other things, engaging in the maritime transportation of cargo between the port of San Juan, Puerto Rico, and several ports in the continental United States of America.

11.    Crowley Liner is subject to personal jurisdiction in the District of Puerto Rico pursuant to due process and/or the Puerto Rico Long-Arm Statute, because it has committed acts of direct and/or indirect infringement in this judicial district.  Further, Crowley Liner provides scheduled ocean transport services between the United States and ports in Puerto Rico.

12.    Crowley Holdings is subject to personal jurisdiction in the District of Puerto Rico pursuant to due process and/or the Puerto Rico Long-Arm Statute, because it has committed acts of direct and/or indirect infringement in this judicial district.  Further, on information and belief, Crowley Holdings provides project solutions, transportation and logistics services in Puerto Rico.

13.    Intership is subject to personal jurisdiction in the District of Puerto Rico pursuant to due process and/or the Puerto Rico Long-Arm Statute, because it is organized under the laws of Puerto Rico and has committed acts of direct and/or indirect infringement in this judicial district.

14.     Venue in this district is proper under 28 U.S.C. § 1400(b) and 1391(b) and (c), because the Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district.

## FACTUAL BACKGROUND

15.     Plaintiff Trailer Bridge is the lawful assignee of all right, title and interest in and to the '422 Patent.

16.     All maintenance fees for the '422 Patent have been timely paid, and there are no fees currently due.

17.     The '422 Patent discloses methods for loading, offloading, and transporting shipping containers to and from marine vessels using reach stackers.

18.     The methods claimed in the '422 Patent present several advantages over traditional means of loading and/or offloading flat deck barges, including but not limited to decreased costs and increased efficiency.

19.     On November 11, 2014, Horizon Lines, Inc. ("Horizon") announced that it would terminate its liner service between the continental United States and Puerto Rico by the end of the calendar year.

20.     According to the Journal of Commerce, Horizon's share of the carrier throughput volume with Puerto Rico from January 2014 to September 2014 was 28.8%, compared with 34.1% for Crowley and 12.1% for Trailer Bridge.

21.     In December 2014, John Hourihan, Crowley's Senior Vice President and General Manager, Puerto Rico and Caribbean Liner Services, contacted the former Trailer Bridge Chief Executive Officer, Jeffrey K. Boston, and apprised Mr. Boston of Crowley's intention to

introduce its own flat deck barge service to the Puerto Rico shipping lane in an attempt to capture Horizon's market share.

22.     During this phone conversation, Mr. Hourihan requested the use of Trailer Bridge's ramps at a Puerto Rico terminal in connection with Crowely's plan to load/off-load its flat deck barges using reach stackers.

23.     Mr. Boston warned Mr. Hourihan during that conversation that Crowley's intended use of reach stackers and ramps to load and offload stacked containers from a flat-deck barge would practice one or more claims of the '422 Patent and that Crowley did not have Trailer Bridge's authorization to do so.

24.     On January 19, 2015, Crowley issued a press release announcing that it would attempt to capture Horizon's market share in the Puerto Rico shipping lane by adding capacity, in the form of flat deck barge service.

25.     Rather than implementing a plan for loading and/or offloading its new Puerto Rico-bound flat deck barges in a non-infringing, albeit more expensive and less efficient way, Crowley disregarded Trailer Bridge's warning regarding the '422 Patent.

26.     On information and belief, that same month, Crowley contacted Intership to requisition reach stackers for use in loading and/or offloading its soon-to-be-introduced flat deck barges at a Puerto Rico terminal.

27.     On information and belief, Crowley additionally secured Intership's assistance in obtaining workers to operate said reach stackers.

28.     In correspondence to Crowley dated March 2, 2015, Trailer Bridge reiterated that the manner by which Crowley apparently intended to load and/or offload its flat deck barges in

the Puerto Rico terminal would meet all the steps of at least one of the claims of the '422 Patent and that Crowley was not authorized to do so.

29.     On information and belief, on or around March 27, 2015, Crowley nevertheless loaded and/or offloaded its barge at a Puerto Rico terminal using reach stackers leased from Intership operated by labor sourced by Intership.

30.     On information and belief, said Intership, in loading and/or offloading said barge, acted at Crowley's express direction.

31.     In correspondence to Intership dated April 1, 2015, Trailer Bridge advised Intership that the manner by which Crowley's barge was loaded and/or offloaded the preceding week infringed the '422 Patent.

32.     Trailer Bridge has suffered and continues to suffer irreparable harm as a result of Defendants' ongoing infringement.

## COUNT I
### (Defendants' Infringement of the '422 Patent)

33.     Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or that employ systems, components and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, claims of the '422 Patent, including, but not limited to claims 17 and 26.

35.     Defendants actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '422 Patent by making, using, offering for sale, and selling infringing products, services, methods, or processes, as well as by

contracting with or otherwise directing workers to load and/or offload Crowley's barge at a Puerto Rico terminal by means of infringing methods or processes, all with knowledge of the '422 Patent and its claims; with knowledge that said workers will use infringing methods in the course of offloading Crowley's barge; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing products, services, methods, or processes.

36.     Defendants have had knowledge of and notice of the '422 Patent and its infringement since at least, and through, the filing and service of this Complaint and, despite this knowledge, continue to commit tortious conduct by way of patent infringement.

37.     Defendants have been and continue to be infringing one or more of the claims of the '422 Patent through the aforesaid acts.

38.     Plaintiff has suffered irreparable harm as a result of Defendants' infringement of the '422 Patent.

## PRAYER FOR RELIEF

Wherefore, Trailer Bridge, Inc., respectfully requests the following relief:

a) A judgment that Defendants have infringed the '422 Patent;

b) A judgment that Trailer Bridge has suffered irreparable harm as a result of said infringement;

c) An injunction to prevent Defendants from engaging in infringing behavior;

d) A judgment that awards Trailer Bridge all appropriate damages under 35 U.S.C. § 284 for the Defendants' infringement of the '422 Patent, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284; and

e) An adjudication:

    i. that this case is exceptional within the meaning of 35 U.S.C. § 285;

    ii. that Trailer Bridge be awarded the attorneys' fees, costs, and expenses it incurs in prosecuting this action; and

    iii. that Trailer Bridge be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Trailer Bridge hereby demands trial by jury on all claims and issues so triable.

DATED:  May 5, 2015                                      Respectfully submitted

                                                         FERRAIUOLI LLC

                                                         By:  /s/ Eugenio Torres
                                                         Eugenio Torres (Bar No. 215505)
                                                         221 Ponce de León Avenue
                                                         Suite 500
                                                         San Juan, PR 00917
                                                         (787) 777-1117
                                                         (787) 766-7001 (Fax)
                                                         etorres@ferraiuoli.com

OF COUNSEL:

Michael T. Renaud
Jack C. Schecter
Robert J. L. Moore
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

mtrenaud@mintz.com
jcschecter@mintz.com
rjmoore@mintz.com                                        *Counsel for Plaintiff*
                                                         *Trailer Bridge, Inc.*