# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TRAILER BRIDGE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO. 15-CV-01531-JAG** |
| ) | **JURY DEMANDED** |
| **CROWLEY MARITIME CORP., CROWLEY** ) | |
| **LINER SERVICES, INC., CROWLEY** ) | |
| **HOLDINGS INC., AND INTERNATIONAL** ) | |
| **SHIPPING AGENCY, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ---------------------------------------------------------- ) | |
| ) | |
| **CROWLEY MARITIME CORP., CROWLEY** ) | |
| **LINER SERVICES, INC., AND CROWLEY** ) | |
| **HOLDINGS INC.,** ) | |
| ) | |
| **Counterclaim Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TRAILER BRIDGE, INC.,** ) | |
| ) | |
| **Counterclaim Defendant.** ) | |
| ) | |

## DEFENDANTS AND COUNTERCLAIM PLAINTIFFS CROWLEY MARITIME CORP., CROWLEY LINER SERVICES, INC., AND CROWLEY HOLDINGS INC.'S ANSWER, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

For their answer under Federal Rule of Civil Procedure 8(b) to Plaintiff and Counterclaim

Defendant Trailer Bridge, Inc.'s ("Trailer Bridge") Complaint, Defendants and Counterclaim

Plaintiffs Crowley Maritime Corp. ("Crowley Maritime"), Crowley Liner Services, Inc.

("Crowley Liner"), and Crowley Holdings Inc. ("Crowley Holdings") (collectively, "Crowley") state as follows:

1.     Crowley admits the allegations in Paragraph 1 insofar as Trailer Bridge purports to bring a Complaint against Crowley and Defendant International Shipping Agency, Inc. ("Intership").

## PARTIES

2.     Crowley is without sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 2 and therefore denies them.  Crowley admits the allegations in the second sentence of Paragraph 2.

3.     Crowley admits that Crowley Maritime is a Delaware corporation with a principal place of business in Jacksonville, Florida, and that it is engaged in the maritime transportation of cargo but denies the remaining allegations in Paragraph 3.

4.     Crowley admits the allegations in Paragraph 4.

5.     Crowley admits the allegations in Paragraph 5.

6.     The allegations in Paragraph 6 are not directed at Crowley and Crowley is without sufficient knowledge to admit or deny those allegations and therefore denies them.

## NATURE OF THE ACTION

7.     Crowley admits the allegations in Paragraph 7 insofar as Trailer Bridge purports to bring this action under the patent laws but affirmatively denies any infringement of United States Patent No. 7,341,422 (the "'422 patent").  Crowley admits that a copy of the '422 patent, entitled "Container Transportation System and Method," is attached to Trailer Bridge's Complaint as Exhibit A.  Crowley affirmatively avers that the '422 patent is invalid and unenforceable.

8.     Crowley denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9.      Crowley admits that this Court has subject matter jurisdiction over this matter.

10.     Crowley admits that this Court has personal jurisdiction over Crowley Maritime in this case but denies that it committed acts of direct or indirect infringement and affirmatively avers that the '422 patent is invalid and unenforceable.

11.     Crowley admits that this Court has personal jurisdiction over Crowley Liner in this case but denies that it committed acts of direct or indirect infringement and affirmatively avers that the '422 patent is invalid and unenforceable.

12.     Crowley admits that this Court has personal jurisdiction over Crowley Holdings in this case but denies that it committed acts of direct or indirect infringement and affirmatively avers that the '422 patent is invalid and unenforceable.

13.     The allegations in Paragraph 13 are not directed at Crowley and Crowley is without sufficient knowledge to admit or deny those allegations and therefore denies them.

14.     Crowley admits that venue in this district is proper but denies that it committed acts of infringement and affirmatively avers that the '422 patent is invalid and unenforceable.

## BACKGROUND

15.     Crowley is without sufficient knowledge to admit or deny the allegations in Paragraph 15 and therefore denies them.

16.     Crowley is without sufficient knowledge to admit or deny the allegations in Paragraph 16 and therefore denies them.

17.     Paragraph 17 describes the '422 patent, a document that speaks for itself, and no response is required.

18.     Crowley denies the allegations in Paragraph 18.

19.     Crowley is without sufficient knowledge to admit or deny the allegations in Paragraph 19 and therefore denies them.

20.     Crowley is without sufficient knowledge to admit or deny the allegations in Paragraph 20 and therefore denies them.

21.     Crowley admits that Mr. Hourihan contacted Mr. Boston in December 2014 but denies the remaining allegations in Paragraph 21.

22.     Crowley denies the allegations in Paragraph 22.

23.     Crowley denies the allegations in Paragraph 23.

24.     Paragraph 24 describes a press release, a document that speaks for itself, and no response is required.

25.     Crowley denies the allegations in Paragraph 25.

26.     Crowley admits that it contacted Intership to requisition reach stackers for use in offloading barges but denies the remaining allegations in Paragraph 26.

27.     Crowley denies the allegations in Paragraph 27.

28.     Crowley admits that Trailer Bridge sent it a letter dated March 2, 2015.  The letter speaks for itself and no further response is required.  Crowley denies that it committed acts of infringement and affirmatively avers that the '422 patent is invalid and unenforceable.

29.     Crowley admits the allegations in Paragraph 29.

30.     Crowley denies the allegations in Paragraph 30.  Crowley nevertheless admits that it used Intership's leased reach stackers and reach stacker operators to load and offload its barge and that the same were placed under Crowley's direction.

31.     The allegations in Paragraph 31 are not directed at Crowley and Crowley is without sufficient knowledge to admit or deny those allegations and therefore denies them.

32.     Crowley denies the allegations in Paragraph 32.

4

## COUNT I
### (Defendants' Infringement of the '422 Patent)

33.     Crowley restates and incorporates by reference the responses set forth in Paragraphs 1 through 32.

34.     Crowley denies the allegations in Paragraph 34.

35.     Crowley denies the allegations in Paragraph 35.

36.     Crowley denies the allegations in Paragraph 36.

37.     Crowley denies the allegations in Paragraph 37.

38.     Crowley denies the allegations in Paragraph 38.

## PRAYER FOR RELIEF

Crowley denies that Trailer Bridge is entitled to any relief.

## DEMAND FOR JURY TRIAL

Crowley admits that Trailer Bridge purports to demand a jury trial.

## AFFIRMATIVE DEFENSES
### (Fed. R. Civ. P. 8(c))

Further responding to the Complaint and as additional defenses thereto, Crowley asserts the following affirmative defenses, without admitting any allegations of the Complaint not previously admitted.  These affirmative defenses incorporate by reference the allegations included in Crowley's Counterclaims below.

Because the '422 patent claims a priority date before March 16, 2013, the pre-America Invents Act "first to invent" rules apply.

## FIRST AFFIRMATIVE DEFENSE

1.     Trailer Bridge has sued the wrong entity.  Non-party Crowley Puerto Rico Services, Inc. is engaged in the maritime transportation of cargo between the port of San Juan,

Puerto Rico, and ports in the continental United States of America and offloading shipping containers from Crowley's barges at Pier 16 in the Port of San Juan.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity: Anticipation/On-sale Bar)

2.      On information and belief, under 35 U.S.C. § 102(a), the invention claimed in the '422 patent was known or used by others in this country before the invention thereof by the applicants or was patented or described in printed publications before the invention thereof by the applicants.

3.      Under 35 U.S.C. § 102(b), the invention claimed in the '422 patent was patented or described in printed publications in this or a foreign country more than one year prior to the date of the application for the patent in the United States, or was in public use or on sale in this country more than one year prior to the date of the application for the patent in the United States.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity: Obviousness)

4.      On information and belief, under 35 U.S.C. § 103, the invention claimed by the '422 patent is obvious.

## FOURTH AFFIRMATIVE DEFENSE
### (Noninfringement)

5.      Crowley did not infringe the '422 patent either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

6.      Trailer Bridge has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because it has failed to identify how Crowley infringed the '422 patent or which claims are allegedly infringed.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

7.    Trailer Bridge is estopped from, or has waived any right to, challenge the use of reach stackers to load or offload flat deck barges with a 4:1 ratio of length to beam by virtue of its agreement to charter its barge, the *Chicago Bridge*, to Crowley in 2005; its knowledge that Crowley would use the *Chicago Bridge* to transport cargo containers to San Juan, Puerto Rico; and its knowledge that Crowley would use Trailer Bridge's ramps and Intership's leased reach stackers to offload cargo from the *Chicago Bridge*.

## SEVENTH AFFIRMATIVE DEFENSE
### (Fraud, Illegality, and Unenforceability)

8.    The '422 patent is not enforceable due to material omissions that were made, on information and belief, with deceptive intent, to the United States Patent and Trademark Office during the prosecution of the '422 patent regarding invalidating prior art as well as knowledge of prior public use, sale, or offer for sale.

## EIGHTH AFFIRMATIVE DEFENSE
### (Implied License)

9.    To the extent any aspect of the use of reach stackers to load or offload flat deck barges with a 4:1 ratio of length to beam is within the scope of the '422 patent, Trailer Bridge granted Crowley an implied license to the invention described in the '422 patent given its agreement to charter its barge, the *Chicago Bridge*, to Crowley in 2005; its knowledge that Crowley would use the *Chicago Bridge* to transport cargo containers to San Juan, Puerto Rico; and its knowledge that Crowley would use Trailer Bridge's ramps and Intership's leased reach stackers to offload cargo from the *Chicago Bridge*.

## NINTH AFFIRMATIVE DEFENSE
### (No Injury)

10.     Trailer Bridge has not suffered any injury resulting from acts committed by Crowley.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

11.     Trailer Bridge's request for relief is barred by the equitable doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12.     Trailer Bridge has failed to mitigate its damages, if any, and is therefore not entitled to recover any damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

13.     Trailer Bridge impermissibly asserts rights broader than those granted in the '422 patent in restraint of trade or with anticompetitive effect, which renders the patent unenforceable.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.     Trailer Bridge cannot prove that this is an exceptional case under 35 U.S.C. § 285, that it is entitled to increased damages under 35 U.S.C. § 284, or that it is entitled to any damages award or any award of costs, fees, or interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

15.     The named inventor of the '422 patent is not the only inventor of the '422 patent and thus Trailer Bridge does not have standing to pursue the asserted claims.

## RESERVED DEFENSES

16.     Crowley reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the Patent Act, and any other defenses, at law or equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

## PARTIES

1.     Counterclaim Plaintiffs Crowley Maritime Corp., Crowley Liner Services, Inc., and Crowley Holdings Inc. (collectively, "Crowley") are corporations organized under the laws of Delaware with their principal places of business in Jacksonville, Florida.

2.     Counterclaim Defendant Trailer Bridge, Inc. ("Trailer Bridge") is a corporation organized under the laws of Delaware with its principal place of business in Jacksonville, Florida.

## THE CONTROVERSY

3.     Trailer Bridge has sued Crowley for infringement of U.S. Patent No. 7,341,422 (the "'422 patent").  Crowley denies infringement and asserts various defenses, affirmative defenses, and responses under Federal Rule of Civil Procedure 12 to the allegations in Trailer Bridge's Complaint.  Those denials and assertions are incorporated by reference into these counterclaims.

4.     Because the '422 patent claims a priority date before March 16, 2013, the pre-America Invents Act "first to invent" rules apply.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court may declare the rights of the parties under 28 U.S.C §§ 2201 and 2202.  Crowley is entitled to seek declaratory judgment that the '422 patent is invalid, unenforceable, and not infringed.

7.      Venue is proper in this judicial district for these counterclaims under 28 U.S.C. § 1391.

## **BACKGROUND**

8.      This action involves the handling of cargo containers that are transported on barges.

9.      As early as 1997, in a filing with the Securities and Exchange Commission ("SEC"), Trailer Bridge described a method of transporting cargo by "Triplestack Box Carriers." Triplestack Box Carriers are single deck barges with a 4:1 length-to-beam ratio designed to carry containers stacked three-high.

10.     In March 1997, construction began on the *Chicago Bridge*, one of two Triplestack Box Carriers built for Trailer Bridge by the Halter Marine Group, Inc. ("Halter") at its shipyard in Pearlington, Mississippi.  Earlier that year, in January 1997, Halter delivered the *Columbia Baltimore*, a container barge with a length-to-beam ratio of 4:1, to Columbia Coastal Transport.

11.     In a 2006 application to register the service mark "Triplestack Box Carrier," Trailer Bridge claimed that it first used that mark for "ocean transportation of goods between and among ports in the mainland United States and Puerto Rico and other locations" "[a]t least as early as 03/28/1997."  Trailer Bridge thus asserted that the method described in the SEC filing and covered by the service mark had been actively used in commerce since at least March 28, 1997.

12.     In June and September 1998, Trailer Bridge accepted delivery of three additional Triplestack Box Carriers, each with the same 4:1 length-to-beam ratio as the *Columbia Baltimore* and the *Chicago Bridge*.

13.     In 2005, Crowley chartered the *Chicago Bridge* for use in transporting cargo containers and automobiles between Jacksonville, Florida, and San Juan, Puerto Rico.  Trailer Bridge also rented to Crowley ramps designed for reach stackers for use in loading and offloading cargo from the *Chicago Bridge*.

14.     At the same time, Crowley contracted with Defendant International Shipping Agency, Inc. ("Intership") for lease of Intership's reach stackers to use them to offload cargo containers from the *Chicago Bridge* in San Juan.

15.     Upon information and belief, Trailer Bridge knew at the time of its 2005 contract with Crowley that Crowley was loading and offloading cargo containers from the *Chicago Bridge* using Trailer Bridge's ramps and Intership's reach stackers, but Trailer Bridge did not advise Crowley or Intership of the pendency of the application that would mature into the '422 patent, which recites the method that is the subject of Trailer Bridge's contract with Crowley. Both Crowley and Intership reasonably relied on Trailer Bridge's permission to use the claimed method.

16.     Beginning in December, 2014, John Hourihan, Crowley's Senior Vice President, and Jeffrey Boston, Trailer Bridge's former Chief Executive Officer, discussed Crowley's desire to again rent one of Trailer Bridge's barges.

17.     These discussions continued for several weeks and, when the two could not agree on terms for a barge rental, Mr. Hourihan and Mr. Boston began discussing whether Crowley might rent Trailer Bridge's ramps for use with a Crowley barge.

18.     Mr. Boston first mentioned the existence of a patent on January 7, 2015, only after discussions about renting Trailer Bridge's ramps concluded unsuccessfully.  Mr. Boston did not describe the scope of the patent and, given the context in which it was introduced, Mr. Hourihan understood that it covered only the use of Trailer Bridge's ramps.

19.     Trailer Bridge filed a patent infringement action against Crowley and Intership on May 5, 2015.

20.     In its Complaint, Trailer Bridge alleges that Crowley and Intership directly infringe the '422 patent and induce others to infringe the '422 patent "by contracting with or otherwise directing workers to load and/or offload Crowley's barge at a Puerto Rico terminal by means of infringing methods or processes."

21.     The '422 patent claims a method of selecting, lifting, and transporting cargo containers on and off a barge with a 4:1 ratio of length to beam with a reach stacker, which travels over a ramp between the barge and a landing deck.

22.     The '422 patent includes specific limitations that are not practiced by Crowley or Intership and thus are outside the scope of Trailer Bridge's infringement allegations.

23.     The '422 patent also recites a method commonly practiced for many years by handlers of cargo containers that are transported on barges.

24.     The application that matured into the '422 patent was filed in April 1998, but the patent did not issue until March 2008.

25.     During the decade-long prosecution of the '422 patent, the U.S. Patent and Trademark Office ("Patent Office") repeatedly rejected the application on a variety of bases, including that the claimed invention was both anticipated and obvious in view of prior art.

26.     Each and all of the method steps claimed in the '422 patent were present and in use at least a year before April 1998.  Trailer Bridge acknowledged that nearly all, if not all, of these steps were disclosed in prior art in response to various Patent Office Actions.

27.     In January 2006, two of the '422 patent's three independent claims were rejected by the Patent Office as anticipated by U.S. Patent No. 4,482,285 to Copie ("Copie").  Copie disclosed an industrial vehicle similar to a reach stacker loading and offloading cargo containers on a ship.  The third independent claim was also rejected as obvious in light of Copie and prior art previously cited by the Patent Office in several other office actions rejecting the '422 patent.

28.     In response to the January 2006 rejection, Trailer Bridge amended its claims to specify that the barge claimed in the '422 patent had a length-to-beam ratio of 4:1, and that such a ratio distinguished the claimed invention over prior art.

29.     Beginning in the 1960s, Crowley, among others, employed 400-by-100-foot barges to haul cargo, including containers, to the North Slope of Alaska, the Russian Far East, Alaska, Hawaii, Latin America, and elsewhere.

30.     Over the years, Crowley and other companies have employed a variety of methods for loading and unloading cargo containers from 400-by-100-foot barges, including cranes; rolling the cargo on or off; using ramps of different configurations; and container-handling vehicles that drive on and off the barges, including forklifts and top loaders.

31.     In August 2006, the examiner apparently could not locate any prior art reference disclosing a barge with a 4:1 ratio of length to beam.

32.     Trailer Bridge, without acknowledging that such barges were in fact present and in use well before the application date, deftly responded to the examiner's last rejection by emphasizing the alleged novelty of a barge with those dimensions.

33.    In support of its claim to novelty, Trailer Bridge disingenuously submitted several printed publications to the Patent Office describing various, wildly disparate marine vessels whose length-to-beam ratios did not match the 4:1 ratio of the barge claimed in the '422 patent. These included a model ship designed for students; an Egyptian punt from the 15th century B.C.; a wooden sea kayak; and a racing sailboat.

34.    Trailer Bridge did not disclose that Halter, the builder of Trailer Bridge's "patentable" barge, had built and delivered the *Columbia Baltimore*, a container barge with a 4:1 length-to-beam ratio, to Columbia Coastal Transport in January 1997; rather, it misleadingly submitted the publications describing the model ship, 3500-year-old Egyptian punt, kayak, and sailboat referenced above, which appear to have been the result of an Internet search that did not include marine vessels comparable to the one claimed in the '422 patent like the *Columbia Baltimore*.

35.    The same attorneys who prosecuted the '422 patent also prosecuted Trailer Bridge's 2006 trademark application for "Triplestack Box Carriers" and were knowledgeable about when Trailer Bridge first began to offer to sell transportation services using the method claimed in the '422 patent.  In violation of a patent applicant's duty of candor, Trailer Bridge and the attorneys prosecuting the '422 patent intentionally did not disclose to the Patent Office that Trailer Bridge first began to offer to sell transportation services using the method claimed in the '422 patent as early as March 1997.

36.    Also in violation of a patent applicant's duty of candor, Trailer Bridge and the attorneys prosecuting the '422 patent intentionally did not disclose the existence of barges with a 4:1 ratio of length to beam to the Patent Office, including the *Columbia Baltimore*, which was built at the same shipyard as Trailer Bridge's barge the *Chicago Bridge* by the same company in 1997.  Indeed, Trailer Bridge and the prosecuting attorneys affirmatively stated that barges with

14

a length-to-beam ratio of 4:1 were not common knowledge or known in the art at the time of their application.

37.     The withheld information described above is material to patentability, and the '422 patent would not have issued in its current form but for the failure to disclose the information to the Patent Office.

38.     The inequitable conduct engaged in by the prosecuting attorneys renders the '422 patent unenforceable.

39.     The '422 patent's specification acknowledges the prior art use of forklifts traveling on and off barges and, to distinguish that prior art, asserts that the use of a reach stacker is a novel method of handling cargo containers on a barge.  But driving a reach stacker onto a barge would have been obvious to one skilled in the art at the time, given the use of similar vehicles – forklifts and top loaders – to perform that function in the past.

40.     Reach stackers have been commercially available and in use since at least 1985, well before the '422 patent's April 1998 application date.

## COUNT ONE
### (Declaratory Judgment of Invalidity)

41.     Crowley incorporates by reference the allegations set forth in Paragraphs 1 through 40 above.

42.     On information and belief, under 35 U.S.C. § 102(a), the invention claimed in the '422 patent was known or used by others in this country before the invention thereof by the applicants.

43.     On information and belief, under 35 U.S.C. § 102(a), the invention claimed in the '422 patent was patented or described in a printed publication before the invention thereof by the applicants.

15

44.    On information and belief, under 35 U.S.C. § 102(b), the invention claimed in the '422 patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for the patent in the United States.

45.    On information and belief, under 35 U.S.C. § 102(b), the invention claimed in the '422 patent was in public use or on sale in this country more than one year prior to the date of the application for patent in the United States.

46.    On information and belief, under 35 U.S.C. § 103, the invention claimed in the '422 patent is obvious.

47.    On information and belief, under 35 U.S.C. § 112, first paragraph, the specification of the '422 patent does not contain an adequate written description of the invention.

48.    On information and belief, under 35 U.S.C. § 112, first paragraph, the specification of the '422 patent does not enable a person of skill in the art to which it pertains to make and use the same.

49.    On information and belief, under 35 U.S.C. § 112, first paragraph, the specification of the '422 patent does not contain the best mode contemplated by the inventors of carrying out their invention.

50.    On information and belief, under 35 U.S.C. § 112, second paragraph, the '422 patent does not particularly point out and distinctly claim the subject matter that the applicants regard as their invention.

<u>**COUNT TWO**</u>
**(Declaratory Judgment of Non-Infringement)**

51.    Crowley incorporates by reference the allegations set forth in Paragraphs 1 through 50 above.

52.     Crowley does not infringe any valid claim of the '422 patent, either literally or under the doctrine of equivalents.

53.     Crowley did not induce workers to infringe the '422 patent, either literally or under the doctrine of equivalents.

## COUNT THREE
### (Declaratory Judgment of Unenforceability)

54.     Crowley incorporates by reference the allegations set forth in Paragraphs 1 through 53 above.

55.     The '422 patent is unenforceable due to material omissions that were made, on information and belief, with deceptive intent, to the Patent Office during the prosecution of the '422 patent regarding invalidating prior art as well as knowledge of prior public use, sale, or offer for sale.

56.     The Patent Office would not have allowed the '422 patent had it been aware of the undisclosed materials.

## DEMAND FOR JURY TRIAL

57.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Crowley hereby demands a trial by jury on all issues triable as of right by jury.

## PRAYER FOR RELIEF

Wherefore, Crowley respectfully requests that the Court enter judgment for Crowley and against Trailer Bridge declaring that:

(a) the claims of the '422 patent are not valid;

(b) the claims of the '422 patent are not infringed;

(c) the claims of the '422 patent are unenforceable;

(d)  Trailer Bridge is not entitled to damages, interests, costs, or any other relief associated with this action;

(e) Crowley is entitled to an award of its costs and fees associated with this action under 35 U.S.C. § 285; and

(f)  Crowley is entitled to such further and other relief as this Court deems just and proper.

Respectfully submitted,

DATED:        June 5, 2015                 **JIMÉNEZ, GRAFFAM & LAUSELL**

By:        _/s/ J. Ramón Rivera-Morales_
J. Ramón Rivera-Morales
USDC-PR 200701
P.O. Box 366104
San Juan, Puerto Rico 00936-6104
(787) 767-1030 (telephone)
(787) 751-4068 (facsimile)
rrivera@jgl.com (email)

**ATTORNEYS FOR DEFENDANTS
CROWLEY MARITIME CORP., CROWLEY
LINER SERVICES, INC., AND CROWLEY
HOLDINGS INC.**

**VENABLE LLP**

By:        _/s/ William D. Coston_
William D. Coston
DC Bar No. 27724
Admitted *pro hac vice*
Michele Van Patten Frank
DC Bar No. 446352
Admitted *pro hac vice*
Joshua Counts Cumby
VA Bar No. 82021
Admitted *pro hac vice*

575 7th Street, NW
Washington, DC  20004
(202) 344-4000 (telephone)
(202) 344-8300 (facsimile)
wdcoston@venable.com (e-mail)
mfrank@venable.com (e-mail)
jccumby@venable.com (e-mail)

**ATTORNEYS FOR DEFENDANTS
CROWLEY MARITIME CORP., CROWLEY
LINER SERVICES, INC., AND CROWLEY
HOLDINGS INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of June, 2015, I caused a true and correct copy of the foregoing document described as **DEFENDANTS AND COUNTERCLAIM PLAINTIFFS CROWLEY MARITIME CORP., CROWLEY LINER SERVICES, INC., AND CROWLEY HOLDINGS INC.'S ANSWER, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL** to be filed with the Clerk of the Court through the U.S. District Court Electronic Court Filing System, which caused notice of such filing to be sent electronically to the registered attorneys of record.

DATED:       June 5, 2015                    **JIMÉNEZ, GRAFFAM & LAUSELL**

                                        By:         */s/ J. Ramón Rivera-Morales*
                                                J. Ramón Rivera-Morales
                                                    USDC-PR 200701
                                                P.O. Box 366104
                                                San Juan, Puerto Rico 00936-6104
                                                (787) 767-1030 (telephone)
                                                (787) 751-4068 (facsimile)
                                                rrivera@jgl.com (email)

                                        **ATTORNEYS FOR DEFENDANTS CROWLEY MARITIME CORP., CROWLEY LINER SERVICES, INC., AND CROWLEY HOLDINGS INC.**


                                        **VENABLE LLP**

                                        By:         */s/ William D. Coston*
                                                William D. Coston
                                                    DC Bar No. 27724
                                                    Admitted *pro hac vice*
                                                Michele Van Patten Frank
                                                    DC Bar No. 446352
                                                    Admitted *pro hac vice*
                                                Joshua Counts Cumby
                                                    VA Bar No. 82021
                                                    Admitted *pro hac vice*

575 7th Street, NW
Washington, DC  20004
(202) 344-4000 (telephone)
(202) 344-8300 (facsimile)
wdcoston@venable.com (e-mail)
mfrank@venable.com (e-mail)
jccumby@venable.com (e-mail)

**ATTORNEYS FOR DEFENDANTS
CROWLEY MARITIME CORP., CROWLEY
LINER SERVICES, INC., AND CROWLEY
HOLDINGS INC.**